Schuette Stores, Inc., a Corporation, Plaintiff-Appellant, v. Lester Jeffers, Charles Traylor, and Robert Hunt, Defendants-Appellees.

Gen. No. 62–M–13.

Fourth District.

July 6, 1962.

Meyer & Meyer, of Belleville, for appellant.

Wagner, Conner, Ferguson, Bertrand & Baker, all of East St. Louis (John M. Ferguson, John D. Bauman,

of counsel), for appellee; Costello, Wiechert, Roberts & Gundlach, all of East St. Louis (R. E. Eggmann, Jr., of counsel), for defendants-appellees.

SCHEINEMAN, P. J.

This suit involved a collision between an automobile and a truck in which the claim was for property damages only. The case was heard by the judge without a jury and resulted in the finding in favor of the defendants. On this appeal plaintiff contends the decision is contrary to the manifest weight of the evidence.

The situation was this: Plaintiff drove through a city in his automobile following a truck driven by defendant Jeffers and owned by defendant Traylor. There was a second truck ahead of Jeffers driven by defendant Hunt, all three of the vehicles being headed in an easterly direction on U. S. Highway No. 50. After the vehicles got out of the city, plaintiff overtook and passed the Jeffers' truck and then cut back in between that one and that of defendant Hunt. This was near an intersecting blacktop road known as the Smelter Road, which ran south, but did not cross to the north.

It appears that when plaintiff pulled out to pass Jeffers he saw another truck coming toward him traveling westward, so that he had to get back in line between the two trucks. Hunt signalled for a right hand turn and turned off on the Smelter Road. Plaintiff saw the turn signal and was able to bring his car down to a slow speed, but the Jeffers' truck behind him was unable to do the same. It could not pull off the highway to the right on account of a culvert and could not pull to the left because of the approaching truck, so there was a collision and ensuing damage to plaintiff's automobile.

The foregoing represents undisputed facts, but from there on there is considerable difference in the versions of different parties. We find a substantial difference

of opinion as to the distance between the Jeffers and the Hunt trucks when plaintiff turned back between them. Plaintiff says the distance was 600 to 700 feet. But some of the defense testimony is to the effect that when plaintiff came into the right lane again he was about 60 feet ahead of Jeffers, and that there was 100 feet between plaintiff and the Hunt truck. There are also substantial differences in the testimony as to speeds and deceleration.

The plaintiff's version of deceleration is that he slowed down gradually while the defense contention is that he brought his car very quickly from a speed of 60 miles per hour down to 15 miles per hour.

■ ■ It is our view of this case that the trier of fact who heard the witnesses is the only one in position to judge of their credibility and to decide which party, if any, was guilty of negligence. We are unable to agree that the case is so clear this court is entitled to set aside the judgment as being contrary to the manifest weight of the evidence.

■ ■ Much of plaintiff's argument is based upon the fact that, at the close of plaintiff's case, the defendants filed motions for a finding in their favor, which were denied. The plaintiff contends that this put the court in the position of having found a case for the plaintiff and therefore the defendants, in order to prevail, must substantiate their cause from evidence which they introduced.

While there may be authorities which take a view of that type, this court does not approve it. Under the statute the court is directed at the close of the plaintiff's case to weigh the evidence in passing upon a motion. C 110, Ill Rev Stats, § 64(5). In our opinion, this does not mean he is required to take any irrevocable position at that time. He has a right to change his mind any time in 30 days, with or without additional evidence. C 77, Ill Rev Stats, § 83. We deem it unwise

to place any restrictions upon consideration of the case merely because he denied the motion, nor should there be any change in the burden of proof.

We think it is very common practice for trial judges to deny a motion at the close of the plaintiff's case, even when they think it would be proper to allow it. Argument may be expected and desired, but deferred until evidence is completed. Also, the allowance of the motion might be reversed upon appeal and the case then comes back and may have to be completely re-tried. On the other hand, another hour or two may finish all of the testimony and then, on review of a judgment for defendant, the appellate court may possibly enter judgment in the reviewing court, or remand the case for trial of damages only. Only in the event of a reversal and remandment for complete new trial does the case have to be fully tried over again.

Moreover, in this case, the damages and the general situation are not in dispute, but we are unable to say that the trial court could not have felt that the plaintiff had a possible case when he finished with his evidence without coming to a definite and final conclusion, until the case was finished. Accordingly, the judgment is affirmed.

Judgment affirmed.

CULBERTSON and HOFFMAN, JJ., concur.